Filed 10/8/24 P. v. Rodriguez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC JAMES RODRIGUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B334534<br>(Super. Ct. No. 2013008125)<br>(Ventura County) |

Eric James Rodriguez appeals a postjudgment order after the trial court recalled his sentence, struck the invalid enhancements, and resentenced him pursuant to Penal Code section 1172.75.[1]  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216

---

[1] All further statutory references are to the Penal Code.

(*Delgadillo*).  Appellant filed a supplemental brief raising no arguable issues.[2]  We affirm.

*Procedural Background*[3]

In 2014, appellant was convicted by jury of active participation in a criminal street gang (§ 186.22, subd. (a), count 1), assault with a deadly weapon (§ 245, subd. (a)(1), count 2), and making a criminal threat (§ 422, count 3).  The jury found true allegations that, as to count 1, appellant personally used a deadly weapon (a knife) (§ 12022, subd. (b)(1)), as to counts 1 and 2, appellant personally inflicted great bodily injury (§ 12022.7, subd. (a)), and that counts 2 and 3 were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)).  Appellant admitted three prior prison terms (§ 667.5, subd. (b)), two prior serious felonies (§ 667, subd. (a)(1)), and two prior "strikes" within the meaning of the "Three Strikes" law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)).  The trial court sentenced appellant on the criminal threats and assault counts (counts 2 and 3) to consecutive 25-years-to-life terms, plus 36 years on the great bodily injury, gang, and prior conviction enhancements, for a total aggregate term of 86 years to life.[4]

_____

[2] Appellant attached multiple exhibits to his supplemental letter brief, which were marked "received" but not "filed."

[3] We summarize the procedural facts as set forth in appellant's prior appeals.  (*People v. Rodriguez* (July 16, 2015, B259657) [nonpub. opn.]; *People v. Rodriguez* (Apr. 16, 2019, B294707) [nonpub. opn.].)

[4] The trial court also imposed and stayed a term of 25 years to life on count 1 and stayed all other enhancements pursuant to section 654.

We affirmed appellant's conviction in an unpublished opinion. (*People v. Rodriguez*, *supra*, B259657).)

In 2022, the California Department of Corrections (CDCR) notified the trial court that appellant was potentially eligible for resentencing based on his now invalid one-year prior prison term enhancements. (§ 667.5, subd. (b).) The trial court appointed counsel for appellant and both the prosecution and defense filed briefing.

In 2023, at the resentencing hearing, the trial court struck the invalid one-year prior prison term and gang enhancements, and resentenced appellant (as to counts 2 and 3) to a total term of 50 years to life, plus 23 years. The trial court again imposed and stayed sentence on count 1 and stayed all other enhancements pursuant to section 654.

*Discussion*

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (*Id*. at p. 232.)

In his supplemental brief, appellant contends defense counsel was "ineffective" because counsel only spoke to him two times about the case, failed to object to the admission of evidence at trial, and failed to refute the prosecutor's "biased" and "false" statements regarding appellant's history of violence and the risk of danger he posed to the community. Although somewhat unclear, appellant appears to contend that but for counsel's

3

deficient performance, he would have been resentenced to a lower term at the section 1172.75 hearing.

To establish ineffective assistance of counsel, a defendant must show his trial counsel's performance was deficient and that he was prejudiced by the deficiency. (*Strickland v. Washington* (1984) 466 U.S. 668, 693-694, 697.) "If a claim of ineffective assistance of counsel can be determined on the ground of lack of prejudice, a court need not decide whether counsel's performance was deficient." (*In re Crew* (2011) 52 Cal.4th 126, 150.)

Here, counsel submitted briefing and presented argument requesting a lesser sentence based on appellant's efforts toward rehabilitation and changes in the law. Counsel presented letters from appellant's family and supporting documentation. The trial court nevertheless reimposed the two 25-years-to-life sentences, plus a determinate term of 23 years, after considering the "very serious" underlying offenses, appellant's "pattern of violence," and the relatively short amount of time from appellant's conviction to the request for resentencing. Because appellant has not shown prejudice, his ineffective assistance contention fails.

*Disposition*

The trial court's order is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

4

Paul W. Baelly, Judge
Superior Court County of Ventura

_____

Richard B. Lennon, Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.